UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM BRADLEY BELL and TADE BELL,

    Plaintiffs,

v.                                                                                  Case No.:  2:20-cv-309-FtM-38NPM

ACE INSURANCE COMPANY OF THE MIDWEST,

    Defendant.
_____/

### **ORDER**[1]

Before the Court is Plaintiffs William Bell and Tade Bell's Motion to Remand (Doc. 11), Defendant Ace Insurance Company of the Midwest's response in opposition (Doc. 13), Plaintiffs' reply (Doc. 14), and Plaintiffs' Supplement to the Motion to Remand (Doc. 15).

On February 6, 2020,[2] Plaintiffs sued Defendant for breach of an insurance contract. (Doc. 1-3; Doc. 6). Almost three months later, Defendant removed the case based on diversity jurisdiction. (Doc. 1; Doc. 12). Plaintiffs now move to remand, arguing the removal is untimely. According to Plaintiffs, the Complaint was removable upon service on February 13 and at the latest as of March 23, as Defendant knew and had access to evidence that showed the amount in controversy exceeded $75,000. Defendant opposes remand, arguing the case was not removable until it received

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] All dates referenced in this Order occurred in 2020 unless otherwise noted.

Plaintiffs' discovery responses in mid-April.  Since then, Plaintiffs have filed a repy brief—without the Court's leave.  *See* M.D. Fla. R. 3.01(c).  And they have filed a four-page supplemental to their motion to remand.  Because Plaintiffs have raised potentially persuasive arguments in their additional (even if unauthorized) briefs, the Court will not strike those documents but will allow Defendant to respond.[3]

Accordingly, it is

**ORDERED**:

Defendant Ace Insurance Company of the Midwest may, if it so chooses, file a sur-reply to Plaintiffs' reply (Doc. 14) and supplemental (Doc. 15), not to exceed 7 pages in length, on or before **June 9, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June 2020.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] The parties must follow all procedural rules—including the Local Rules.  The parties should not expect continued leniency from the Court for failures to follow the rules.