UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM BRADLEY BELL and
TADE BELL,

      Plaintiffs,

v.                                              Case No. 2:20-cv-309-FtM-66NPM

ACE INSURANCE COMPANY OF THE
MIDWEST

      Defendant.

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Compliance and For Sanctions (Doc. 38). Defendant Ace Insurance Company of the Midwest ("Ace") did not respond to the motion and the time to respond has lapsed. For the reasons discussed below, the motion is granted.

At the preliminary pretrial conference held on June 25, 2020, Plaintiffs' counsel explained that prior to removal, Ace's responses to written discovery were already overdue. (Doc. 38, p. 1). At the hearing, defense counsel agreed to respond to the outstanding discovery. (*Id.*, p. 2; Doc. 31, p. 1). Memorializing the hearing, the Court in its July 25, 2020 Order directed Ace to respond "promptly" to the discovery served prior to removal. (Doc. 31, pp. 1).

Plaintiffs' counsel contacted Defendant's counsel repeatedly by email and telephone from July 8, 2020 through August 19, 2020, to obtain complete responses. (Doc 38, p. 2). Finally, on July 29, 2020, Plaintiffs received responses to requests for

production but did not receive answers to interrogatories. (*Id.*). And as of the date of the motion, Ace had still failed to answer the interrogatories. (*Id.*).

Through discovery, a party may obtain nonprivileged information relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Pursuant to the applicable rules, a court has broad discretion to compel or deny discovery. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014).

Under Rule 33, any untimely objections to interrogatories are "waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also* Middle District Discovery (2015) at 16 ("Absent compelling circumstances, failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel."). Thus, with the exception of privilege or work-product protection, Ace waived any objections to Plaintiffs' interrogatories.

The Court will therefore direct Ace to respond to the outstanding interrogatories by **September 24, 2020**. Plaintiffs are directed to immediately notify the Court of any failure by Ace to meet this deadline.

When granting a motion to compel, the Court must award the prevailing party reasonable expenses (with certain exceptions not applicable here), including attorney's fees, related to submitting the motion. Fed. R. Civ. P. 37(a)(5). The Court must allow the losing party an opportunity to be heard as to the reasonableness of the expenses. Fed. R. Civ. P. 37(a)(5).

Ace failed to respond to both the discovery and the motion to compel—even after agreeing *and* being ordered to respond to the outstanding discovery promptly. Under

these circumstances, the Court finds an award of expenses just and appropriate. By **September 29, 2020**, Plaintiffs may file an affidavit attesting to the fees and costs associated with pursuing the discovery responses and preparing and filing the motion to compel, to which Ace may file a response by **October 6, 2020**, that only addresses the reasonableness of the fees and costs and not the entitlement to them.

Accordingly, it is **ORDERED**:

(1) The Motion to Compel Compliance and for Sanctions (Doc. 38) is **GRANTED**.

(2) All of Ace's objections, except for privilege and work product protection are waived as to the outstanding interrogatories at issue.

(3) On or before **September 24, 2020**, Ace will fully respond, consistent with the Federal Rules of Civil Procedure, to all outstanding discovery at issue here.

(4) On or before **September 29, 2020**, Plaintiffs may file an affidavit attesting to the fees and costs associated with filing the motion to compel, to which Ace may respond by **October 6, 2020** to the reasonableness of the fees and costs only.

**DONE** and **ORDERED** in Fort Myers, Florida on September 15, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE