UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM BRADLEY BELL and
TADE BELL,

      Plaintiffs,

v.                                                Case No. 2:20-cv-309-FtM-66NPM

ACE INSURANCE COMPANY OF THE
MIDWEST,

      Defendant.

## ORDER

Before the Court are the Amended Motion to Strike HL Law Group, P.A.'s Notice of Charging Lien and for Sanctions (Doc. 46) and Response (Doc. 47). Plaintiffs William Bradley Bell and Tade Bell seek to strike HL Law Group's Notice of Changing Lien and request sanctions. (Doc. 46, p. 1)

This action involves an insurance dispute related to property damage allegedly sustained as a result of Hurricane Irma. On September 2, 2020, HL Law Group filed a Notice of Attorneys' Charging Lien (Docs. 39, 39-1). In the Notice, HL Law Group asserts it represented CMC Restoration, Inc. a/a/o Tade Bell in a state-court action in Collier County, Florida, based on an assignment of benefits. (Doc. 39, p. 1). HL Law Group claims CMC Restoration a/a/o Tade Bell agreed to pay for the services

it rendered on its client's behalf in the state-court action, payment has not been made, and this amount remains outstanding. (*Id.*, pp. 1-2). So based on the retainer agreement between CMC Restoration and the HL Law Group, it claims it is entitled to payment of attorney's fees and costs from any settlement funds or monies recovered from Defendant in this case. (*Id.*, p. 2). In addition, in a revocation of assignment, Tade Bell agreed to be "responsible for any attorney fees or costs that CMC Restoration may have incurred in its attempt to pursue the claim with the Assignment of Insurance Claim and Insurance Benefits (Exhibit 'A')[.]" (Doc. 47-4).

Plaintiffs move to strike the Charging Lien, arguing HL Law Group never represented William or Tade Bell, but instead represented CMC Restoration in a separate state-court action. (Doc. 46, pp. 4-5). Plaintiffs also claim the Charging Lien is fraudulent and HL Law Group should be sanctioned.

"When a district court has original jurisdiction over a claim, the court has supplemental jurisdiction over all claims which are part of the same case or controversy. *See* 28 U.S.C. § 1367(a). The existence of an attorney's lien against a party's recovery in a lawsuit is part of the same case or controversy as the underlying lawsuit." *Moreno Farms, Inc. v. Tomato Thyme Corp.*, 490 F. App'x 187, 188 (11th Cir. 2012).

An attorney seeking a charging lien must establish: (1) an express contract between the attorney and the client; (2) an express or implied understanding that the attorney's fees would be paid out of the recovery; (3) the client avoided payment or there was a dispute regarding the fees; and (4) the attorney provided a timely notice of the charging lien. *Benchmark Consulting, Inc. v. USAA Cas. Ins. Co.*, No. 8:18-cv-3134-T-24CPT, 2020 WL 5701750, *3 (M.D. Fla. Sept. 24, 2020) (citing *Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986); *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384-85 (Fla. 1983)).[1] Finally, some courts also require that the services provided, "must, in addition, produce a positive judgment or settlement for the client, because the lien will attach only to the tangible fruits of the services." *Walther v. Ossinsky & Cathcart, P.A.*, 112 So. 3d 116, 117 (Fla. 5th DCA 2013).

Until the Court adjudicates actual damages, the Court finds any fee entitlement under a charging lien is premature. *See Envtl. Biotech, Inc. v. Sibbitt Enterprises, Inc.*, No. 2:03-cv-124-FTM-33SPC, 2006 WL 3162346, *2 (M.D. Fla. Nov. 2, 2006) (finding that until the determination of damages, a charging lien is premature). Even if not premature, HL Law Group has not connected the language in the revocation of assignment with any "tangible fruits" earned by HL Law Group

---

[1] Federal district courts apply the law of the state where they are located. *Buckley Towers Condo., Inc. v. Katzman Garfinkel Rosenbaum, LLP*, 519 F. App'x 657, 661 (11th Cir. 2013).

in this case. In the revocation of the assignment, Tade Bell agreed to be responsible for any attorney fees or costs that CMC Restoration may have incurred in a separate state court action (Doc. 47-4), but this language does not appear to satisfy the requirements for a charging lien, especially when it refers to a retainer agreement for a different case entered into by a different entity. (*Id.*). Further still, the filing of a premature and potentially unenforceable charging lien does not rise to the level of being sanctionable.

For these reasons, the Court grants the Amended Motion to Strike HL Law Group's Notice of Charging Lien (Doc. 46) and denies the request for sanctions. The Clerk is directed to edit the docket to indicate that the Charging Lien (Doc. 39) is stricken.

**DONE** and **ORDERED** in Fort Myers, Florida on December 11, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE