UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM BRADLEY BELL and
TADE BELL,

      Plaintiffs,

v.                                                    Case No.: 2:20-cv-309-JLB-NPM

ACE INSURANCE COMPANY OF
THE MIDWEST,

      Defendant.

_____

## ORDER

In this Hurricane Irma insurance coverage dispute, Plaintiffs previously filed a motion to remand on May 12, 2020, which this Court denied on September 10, 2020. (See Doc. 40.) Presently before the Court is Plaintiffs' motion to reconsider the September 10, 2020 order. (Doc. 42.) For the following reasons, Plaintiffs' motion to reconsider is denied.

## STANDARD OF REVIEW

Plaintiffs cite Rules 59 and 60 of the Federal Rules of Civil Procedure as the procedural mechanism for their motion. Both rules "provide a mechanism for those situations in which relief must be obtained after judgment." Brown v. Spells, No. 7:11-CV-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011) (emphasis added) (citation omitted). No judgment has been entered in this case, and therefore Rules 59 and 60 do not apply. Nevertheless, district courts have inherent authority to reconsider their prior non-final orders. See DeBose v. Univ. of S. Fla. Bd. of Trs.,

No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919876, at *2 (M.D. Fla. Mar. 23, 2018).  A

court should exercise its discretion to do so, however, only in "extraordinary"

circumstances.  Id. (internal quotation marks and citation omitted).  "For reasons of

policy, courts and litigants cannot be repeatedly called upon to backtrack through

the paths of litigation which are often laced with close questions.  There is a badge

of dependability necessary to advance the case to the next stage."  Burger King

Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing

Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994),

and Kuenz v. Goodyear Tire & Rubber Co., 617 F. Supp. 11, 14 (N.D. Ohio 1985)).

When a party asks for reconsideration of a non-final order, the Court will

apply the same standard governing post-judgment relief.  See Region 8 Forest Serv.

Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993) ("We see no

reason to apply a different standard when the party seeks reconsideration of a non-

final order.").  Relief from a final judgment typically is granted only where: (1) there

is an intervening change in controlling law, (2) new evidence has become available,

or (3) relief from the judgment is necessary to correct clear error or prevent

manifest injustice.  Sussman, 153 F.R.D. at 694.  "The 'purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence.'"  Burger King Corp., 181 F. Supp. 2d at 1369 (quoting Z.K.

Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  It "should

not be used as a vehicle to present authorities available at the time of the first

decision or to reiterate arguments previously made."  Id.  Rather, reconsideration

should be sought only where the court "has <u>patently misunderstood</u> a party, or has made a decision outside of the adversarial issues presented to the Court by the parties," in other words, where the court has made "an error <u>not</u> of reasoning, but of apprehension." <u>Id.</u> (internal quotation marks and citation omitted) (emphasis added). Such problems "rarely arise," and a motion to reconsider therefore "should be equally rare." <u>Id.</u> (internal quotation marks and citation omitted).

<u>DISCUSSION</u>

Plaintiffs do not argue an intervening change in controlling law, the availability of any new evidence, or "manifest injustice." Instead, they argue reconsideration is warranted for two reasons: (1) the state civil cover sheet, filed with the complaint in state court more than 30 days before Defendant removed the case to federal court, gave Defendant notice of facts establishing the case was removable; and (2) Defendant's Notice of Removal was defective because it omitted the civil cover sheet from the state record filed with the Notice.

A.   THE COURT DECLINES PLAINTIFFS' INVITATION TO EXERCISE ITS DISCRETION AND RECONSIDER ITS PREVIOUS ORDER IN LIGHT OF THEIR NEW ARGUMENTS.

Neither of Plaintiffs' arguments warrants reconsideration of the Court's previous order. Plaintiffs raised their first argument regarding the state civil cover sheet in the briefing on their motion to remand, but they assert the Court misconstrued their argument in its earlier order. To demonstrate the Court's purported error, Plaintiffs expand upon their argument to include, for the first time, an analysis of the applicable statutory provisions. The Court has not "patently misunderstood" Plaintiffs' argument regarding the state civil cover sheet as set

3

forth in the original briefing.  See Z.K. Marine Inc., 808 F. Supp. at 1563.  Instead, Plaintiffs simply neglected to present their new statutory interpretation argument at that time.  In defense of their omission, Plaintiffs contend they "attempted" to present their argument in greater detail "in a response to the [Defendant's] Sur Reply, but it was withdrawn upon learning the Court did not permit same." (Doc. 42 at 5 n.3.)  Assuming that description accurately reflects what took place,[1] Plaintiffs nonetheless had numerous prior opportunities to have made the arguments they say they wanted to present in the withdrawn response to the surreply.[2]  Just as it was within the Court's discretion to decline to consider what would have been a "sur-surreply" brief, it is now proper for the Court to decline to exercise its discretion to consider those same new arguments at an even later reconsideration stage.

---

[1] It is not clear what Plaintiffs mean by "the Court did not permit same."  Plaintiffs withdrew their response to Defendant's surreply because they filed it in violation of Local Rule 3.01(c), which requires a party to obtain leave of court before filing any briefs other than those authorized by the local rules.  Not only did Plaintiffs file their response to Defendant's surreply in violation of Local Rule 3.01(c), they did so after a previous court order emphasized that any future violations of the Local Rules would not be tolerated.  (See Docs. 16, 27, 32, 33.)  It is not apparent from the docket whether, after withdrawing their response to Defendant's surreply, Plaintiffs sought, but were denied, leave to file it.

[2] Plaintiffs could have raised their arguments in their initial brief in support of their remand motion (Doc. 11), in their reply brief (Doc. 14), or in their "supplement" to the reply brief (Doc. 15).  Indeed, the very reason Defendant sought and was granted leave to file a surreply was that the first time Plaintiffs even mentioned the civil cover sheet was in their "supplement," which they filed after Defendant already had filed its response in opposition to the remand motion.

Plaintiffs' second argument fares worse because it is new altogether.  It was not "clear error" for the Court to not rule in Plaintiffs' favor on an argument they never made to the Court, namely the alleged procedural defect of Defendant omitting the civil cover sheet from the Notice of Removal.  See Burger King Corp., 181 F. Supp. 2d at 1369 (noting that motions for reconsideration are not vehicles for bringing before the court theories or arguments that were not advanced earlier).  Accordingly, the Court finds Plaintiffs have failed to present credible grounds for the Court to exercise its discretion to reconsider the September 10, 2020 order denying Plaintiffs' remand motion.[3]

## B.   PLAINTIFFS' NEW ARGUMENTS ARE NONETHELESS UNPERSUASIVE.

Despite Plaintiffs' failure to present a compelling reason for the Court to exercise its discretion to reconsider its prior order, the Court has reviewed the new

---

[3] Although the Court finds that Plaintiffs have not met the standard for reconsideration, the Court does not necessarily subscribe to Defendant's argument that Plaintiffs' motion for reconsideration is precluded by 28 U.S.C. § 1447(c).  That statute provides "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Id.  According to Defendant, while Plaintiffs did file their motion to remand within 30 days of the Notice of Removal filing, their reconsideration motion nevertheless runs afoul of section 1447(c) because it raises new arguments not included in the timely filed motion to remand.  It is not obvious that the 30-day statutory deadline was intended to apply to arguments in a motion to remand, as opposed to the filing of the motion to remand itself.  Defendant does not acknowledge the possibility that this distinction might matter, let alone offer a position on it.  Further, none of the cases Defendant cites involve the situation of new arguments in a motion for reconsideration of a court's ruling on a timely filed motion to remand.  Where a party fails to cite relevant legal authority to the district court, the argument is waived.  Ragnone v. Porter Cnty., No. 2:13-CV-164, 2015 WL 5673113, at *14 (N.D. Ind. Sept. 25, 2015).  Therefore, the Court declines to address Defendant's section 1447(c) timeliness argument.

arguments in Plaintiffs' motion for reconsideration.  As discussed below, the Court finds those arguments to be unpersuasive.

1.   **WHETHER THE STATE CIVIL COVER SHEET TRIGGERED THE 30-DAY REMOVAL CLOCK**

Plaintiffs argued in their motion for remand that Defendant's removal of this case from state court was untimely.  The removal statute sets forth alternative 30-day deadlines for when the notice of removal must be filed: <u>either</u> 30 days "after the receipt by the defendant . . . of a copy of the initial pleading" (28 U.S.C. § 1446(b)(1)), <u>or</u>, "if the case stated by the initial pleading is not removable," then "30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" (<u>id.</u>, § 1446(b)(3)).

It is undisputed that "the case stated in the initial pleading" was not removable because the complaint omits any reference to the amount in controversy. Therefore, the issue here is whether Defendant's removal was timely under section 1446(b)(3).  Under that provision, if Defendant learned that the amount in controversy exceeded $75,000 any time before March 29, 2020 (30 days prior to Defendant's removal on April 28, 2020), then its removal was untimely.

The civil cover sheet filed with the state court complaint on February 6, 2020, indicates that "the estimated amount of [Plaintiffs'] claim rounded to the nearest dollar" is "$400,000."  (Doc. 15-1 at 2.)  Plaintiffs argued in their supplement to their remand motion that the cover sheet gave Defendant notice of the amount in

6

controversy thereby triggering the start of the 30-day clock.  This Court rejected this argument in its September 10, 2020 order because Plaintiffs never served Defendant with a copy of the civil cover sheet.  (Doc. 40 at 6; see Doc. 17 at 2.)[4]

Plaintiffs do not dispute their lack of service but instead offer a statutory interpretation argument for why service was not necessary for the civil cover sheet to trigger the start of the 30-day removal clock.  Before addressing that argument, however, the Court notes that it is debatable the civil cover sheet would be enough to trigger the 30-day clock even if it had been served on Defendant.  The cover sheet states on its face that "the information contained in it neither replace[s] nor supplement[s] the filing and service of pleadings or other documents as required by law," and that the requirement of filing the civil cover sheet is "for the purpose of reporting data pursuant to section 25.075, Florida Statutes."  (Doc. 15-1 (emphasis in original).)  See Naranja Princeton Cmty. Dev. Corp. v. Cornerstone Dev. Grp., Inc., 34 So. 3d 124, 126 n.1 (Fla. 3d DCA 2010).  Other courts that have found the information contained on the face of the state cover sheet triggered the 30-day removal clock have relied on the sheet's non-clerical, substantive purpose under the applicable state law.  See, e.g., Paros Props., LLC v. Colo. Cas. Ins. Co., 835 F.3d 1264, 1272 (10th Cir. 2016) (noting that the statement of damage in Colorado's state

---

[4] To the extent the Court's previous order also referenced an alternative argument made by Defendant that the civil cover sheet "is not part of the initial pleading for purposes of 28 U.S.C. § 1446(b)(1)" (Doc. 40 at 5-6), the Court's order did not rely on either the argument or the case Defendant's surreply cites in support of the argument.  The Court therefore need not address Plaintiffs' contention that the cited case is distinguishable.

court civil cover sheet had "significant consequence" to the procedures that would
govern the state proceeding); <u>Toro v. CSX Intermodal Terminals, Inc.</u>, 199 F. Supp.
3d 320, 324 (D. Mass. 2016) (noting that the statement of damages in the state civil
cover sheet "determine[d] jurisdiction in state court"). In contrast, under Florida
law, "[t]he estimated amount of the claim [in the civil cover sheet] is requested for
data collection and clerical processing purposes <u>only</u>" and "<u>shall not be used for any</u>
<u>other purpose.</u>" Fla. R. Civ. P. Form 1.997 (emphasis added).[5] To give the state
civil cover sheet a substantive effect for purposes of the removal statute, as
Plaintiffs argue the Court should do, would contravene the Supreme Court of
Florida's own rule prohibiting the use of information in the cover sheet for any
purpose other than the State's collection of data.[6]

---

[5] The underlined text was added to the state court cover sheet by an amendment
subsequent to the filing of the present lawsuit. <u>See In re Amendments to Fla. Rules</u>
<u>of Civil Procedure, Fla. Small Claims Rules, & Fla. Rules of Appellate Procedure-</u>
<u>Jurisdiction</u>, 302 So. 3d 811 (Fla. 2020). The intent of that amendment was to
"explain[ ]" that "the specific estimated dollar claim amount provided in the cover
sheet c[an] [not] be used by the opposing party in the case for tactical reasons." <u>Id.</u>
at 812. As such, the amended language set forth an explicit prohibition that was
intended even before the clarifying language was added.

[6] In <u>Kopper v. Liberty Mutual Fire Insurance Co.</u>, Case No. 20-cv-23583-
BLOOM/Louis, 2020 U.S. Dist. LEXIS 189766 (S.D. Fla. Oct. 14, 2020), it was the
<u>defendant</u> who relied on the state civil cover sheet to argue removal was proper
because more than $75,000 was in controversy. The plaintiff argued that the
defendant's reliance was "misplaced because the subsequent amendment to the state
court civil cover sheet expressly states that the amount is only to be used for data
collection and clerical processing purposes." <u>Id.</u> at *5-6. The court did not rule on
that basis, however, instead, relying on a settlement offer the defendant received
prior to removal for concluding that the defendant had not established that the
amount in controversy exceeded $75,000. <u>Id.</u> at *6. Two other district courts in this
district also considered, and rejected, a <u>defendant's</u> argument that the dollar amount
stated on the state civil cover sheet was sufficient to meet the defendant's burden of
establishing that the amount-in-controversy threshold had been met for purposes of

The Court also rejects Plaintiffs' statutory interpretation of section 1446(b)(3).  Plaintiffs' argument is as follows:  (1) section 1446(b)(3) provides that the 30-day clock is triggered by "other papers" if those "other papers" are "recei[ved] by the defendant through service <u>or otherwise</u>"; (2) the "or otherwise" language means that service of the civil cover sheet is not required–that is, an "other paper" may trigger the start of the 30-day removal period if the defendant receives it in some manner other than through service; (3) a separate provision of the removal statute states that "information relating to the amount in controversy <u>in the record of the State proceeding</u> . . . shall be treated as an 'other paper' under subsection (b)(3)" (28 U.S.C. § 1446(c)(3)(A) (emphasis added)); (4) the civil cover sheet was filed with the complaint and therefore is "in the record of the State proceeding"; and

---

the defendant's removal from state court.  <u>See</u> <u>Durshimer v. LM Gen. Ins. Co.</u>, No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020); <u>Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.</u>, No. 3:20-CV-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020).  But neither court considered the argument, which apparently was not made, that Florida law prohibits the use of the civil cover sheet for such a substantive purpose.  Instead, both courts rejected the defendant's reliance on the state civil cover sheet on the ground that it was not sufficient by itself to satisfy the defendant's burden of establishing the amount in controversy exceeded the jurisdictional threshold.  <u>See, e.g.</u>, <u>Durshimer</u>, 2020 WL 5366721, at *2 (holding that the amount of damages stated in the cover sheet was not "compelling, considering the policy limit of $100,000, and absent any additional factual support"); <u>Physicians Imaging-Lake City, LLC</u>, 2020 WL 6273743, at *3 n.3 (holding that the estimate of damages contained in the state civil cover sheet, "unaccompanied by any supporting information," is "analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000").  These cases provide an additional reason why the state civil cover sheet, even if served on Defendant, does not constitute receipt by Defendant of an "other paper" under section 1446(b)(3).  If the state civil cover sheet is substantively insufficient to satisfy a defendant's burden on removal of establishing the amount in controversy, then it also must be substantively insufficient to trigger the start of the 30-day removal clock under section 1446(b)(3).

9

(5) because the cover sheet was in the state record, the requirement of

section 1446(b)(3) that the defendant be in receipt of the other paper "through

service <u>or otherwise</u>" is satisfied.

In short, according to Plaintiffs' logic and textual construction,

section 1446(b)'s "or otherwise" language and section 1446(c)(3)(A)'s definition of

"other papers," together, mean the 30-day clock is triggered without <u>actual</u> receipt

by a defendant of the paper giving notice of the case being removable.  In Plaintiffs'

words, "Defendant <u>is deemed</u> to have received the Civil Cover Sheet when it made

its appearance in the State proceeding."  (Doc. 42 at 3 (emphasis added).)

Plaintiffs' statutory interpretation argument is contrived and unsupported by

a plain and ordinary reading of the statute.  Section 1446(c)(3)(A) merely defines a

type of paper that can be considered an "other paper."  It does not purport to modify

the substantive requirements for the "other paper" to satisfy the notice requirement

in section 1446(b)(3), which starts the 30-day removal clock ticking.  Thus, while a

paper found in the state court record may constitute an "other paper" under

section 1446(c)(3)(A), nothing in either that provision or section 1446(b)(3) suggests

the other paper is "deemed" to have been given to the defendant for purposes of

section 1446(b)(3) simply <u>because</u> it exists in the state court record.  For an "other

paper" to trigger the 30-day removal clock, the defendant must be "in receipt" of it.

<u>See</u> 28 U.S.C. § 1446(b)(3).  That is what the statute says, and it makes perfect

sense.  Similarly, although the statute states that a defendant may be in receipt of

an "other paper" through a means other than service, nothing in the statute

10

indicates that the intent of the phrase "or otherwise" was to eliminate the requirement that the defendant <u>actually</u> receive the paper, <u>i.e.</u>, that some sort of constructive or implied-in-law receipt would suffice.  That is unsupportable by the text and illogical.  For these reasons, the Court rejects Plaintiffs' statutory interpretation argument.

### 2.  OMISSION OF THE STATE CIVIL COVER SHEET FROM THE STATE COURT RECORD ATTACHED TO THE NOTICE OF REMOVAL

Plaintiffs' second argument on reconsideration is that Defendant's removal was defective because the state court record attached to the Notice of Removal did not include the civil cover sheet.  The Court disagrees.

The removal statute provides that the defendant must file "a notice of removal . . . together with a copy of all process, pleading, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1446(a).  Plaintiffs never served Defendant with the civil cover sheet in the first instance.  As such, Defendant's omission does not implicate the statutory requirement.  <u>See</u> <u>Cook v. Randolph Cnty.</u>, 573 F.3d 1143, 1150 (11th Cir. 2009) ("[T]he defendants were not required [by section 1446(a)] to file all of the pleadings from the state court proceeding, only those that were served on them.").

Plaintiffs ignore section 1446(a) and instead cite Local Rule 4.02(b).  The language of the Local Rule varies slightly from the statutory language; it instructs a removing party to include in its removal papers all documents "<u>on file</u> in the state court" (L.R. 4.02(b) (emphasis added)), as opposed to all documents "<u>served</u> upon such defendant" in the state court (28 U.S.C. § 1446(a) (emphasis added)).  But

regardless of whether Defendant's removal filing was deficient under the Local Rule, the Eleventh Circuit has held that "the failure to include all state court pleadings and process with the notice of removal" may be "procedurally incorrect," but it "is not a jurisdictional defect." Cook, 573 F.3d at 1150 (emphasis added).  In short, Defendant's alleged failure to perfectly comply with the procedural requirements of the Local Rule is not a basis for an order remanding the case to state court.

## CONCLUSION

The Court recognizes that it has discretion here.  It simply refuses to exercise it.  The Court again requests that Plaintiffs' counsel be mindful of the Local Rules.  For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 42) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on December 17, 2020.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**